UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
                                       :

SHERARD CLARK,                       :

                                     :

                    Plaintiff,     :

                                     :

               -against-        :

                                     :

BAY PARK CENTER FOR NURSING AND  :
REHABILITATION, ET AL.,        :

                                   :

                    Defendants.  :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/16/2019__

19-CV-506 (VSB)

**OPINION & ORDER**

Appearances:

Todd S. Garber
Jeremiah Lee Frei-Pearson
Finkelstein Blankinship, Frei-Pearson & Garber, LLP
White Plains, New York
*Counsel for Plaintiff*

Lori Rosen Semlies
Wilson Elser Moskowitz Edelman & Dicker LLP
White Plains, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Sherard Clark ("Plaintiff") brought this action in the Supreme Court of the State

of New York, County of Bronx, against Defendants Bay Park Center for Nursing and

Rehabilitation, LLC, Benjamin Landa, Ben Philipson, Mayer Fischl, Eli Grinspan, Chana

Laerner, Berish Rubinstein, Naomi Tessler, Sentosacare, LLC, and several John Defendants

(collectively, "Defendants"), alleging in a single cause of action various violations of § 2801-d of

New York's Public Health Law. Defendants removed the action to this court. Before me is

Plaintiff's motion to remand and for attorneys' fees and costs. Because Plaintiff's sole cause of

action alleges a violation of a state statute and Plaintiff could obtain the relief sought without

prevailing on his allegations that Defendants violated any federal law, Plaintiff's motion to

remand is GRANTED.  However, because I cannot find that there was no objectively reasonable

basis for Defendants' motion, Plaintiff's motion for attorneys' fees and costs is DENIED.

## I.　　Background and Procedural History[1]

On November 27, 2018, Plaintiff initiated this action by filing a complaint in the

Supreme Court of the State of New York, County of Bronx.  (*See* Compl.)[2]  Plaintiff alleges that

Defendants violated § 2801-d of New York's Public Health Law by failing "to staff a sufficient

number of nurses and aides, thereby depriving" Plaintiff and other residents of a nursing home

owned and operated by Defendants "of the level of care required under New York and federal

law."  (*Id.* ¶ 2.)  On January 17, 2019, Defendants removed the action to this court.  (Doc. 1.)  On

February 1, 2019, Defendants filed a motion to compel arbitration.  (Doc. 5.)  Plaintiff did not

respond to that motion; instead, he filed a motion to remand the action to the Supreme Court of

the State of New York.  (Docs. 8–10.)  In light of the motion to remand, I denied Defendants'

motion to compel arbitration without prejudice.  (Doc. 11.)  Defendants filed an opposition to

Plaintiff's motion to remand on February 27, 2019, (Doc. 12), and Plaintiff filed his reply on

March 6, 2019, (Doc. 13).

Defendants assert that because Plaintiff's Complaint alleges that Defendants violated

federal laws, Plaintiff's cause of action arises under the laws of the United States, and therefore

this court has original subject matter jurisdiction over the Complaint.  (*See* Notice of Removal

---

[1] The following facts are taken from the complaint and are assumed to be true for purposes of this motion.  *See Fed. Ins. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.").

[2] "Compl." refers to the Class Action Complaint, dated November 27, 2018, ("Complaint"), which is attached as Exhibit A to Defendants' Notice of Removal.  (Doc. 1-1.)

¶ 6.)[3]  For example, the complaint alleges that Defendants' conduct violates "federal and New York State laws, rules, and regulations," and states that a "resident's right to sufficient staffing is one of the most important rights protected by New York and federal statutes."  (*See id.* ¶ 3 (citing Compl. ¶¶ 26–27).)  Additionally, in the portion of the complaint related to class action allegations, Plaintiff alleges eight questions of fact and law that are common to all members of the purported class, and one of those questions is "[w]hether Defendants' conduct violated or violates the federal Nursing Home Reform Act [("FNHRA")], codified at 42 U.S.C. §§ 1395i-3(a)-(h) and at 42 C.F.R. §§ 483.15, 483.20, 483.25, 483.30, 483.40, 483.60, & 483.75." (Compl. ¶ 45.)

## II.  Legal Standards

### A.  *Motion to Remand*

"[F]ederal courts have original subject matter jurisdiction . . . [in] case[s] arising under federal law. . . ." *Franklin H. William Trust v. Travelers Ins. Co.*, 50 F.3d 144, 147 (2d Cir. 1995) (citing 28 U.S.C. § 1331).  "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  "But even when a claim finds its origins in state law, there is a special and small category of cases in which arising under jurisdiction still lies." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) (internal quotation marks omitted).  The "mere need to apply a federal law in a state-law claim will [not] suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).  Rather, federal jurisdiction is "confined . . . to those [claims] that 'really and substantially involv[e] a dispute or

---

[3] "Notice of Removal" refers to Defendant's Notice of Removal, filed January 17, 2019.  (Doc. 1.)

controversy respecting the validity, construction or effect of [federal] law.'" *Id.* (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912) ) (second and third alterations in original).

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "Only '[where] all four of these requirements are met' will federal jurisdiction be appropriate over a state-law claim." *PCVST Mezzco 4, LLC v. Wachovia Bank Commercial Mortgage Trust 2007-C30*, No. 14-cv-6023 (AJN), 2015 WL 153048, at *3 (S.D.N.Y. Jan. 12, 2015) (quoting *Gunn*, 568 U.S. at 254). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted); *see also Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979))).

### B. *Request for Attorneys' Fees*

An order remanding a case may, in a court's discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, however, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (summary order) (citation omitted).

## III. **Discussion**

### A. *Motion to Remand*

Plaintiff's sole cause of action alleges violations of a state law, § 2801-d of New York's Public Health Law. (*See* Compl. ¶¶ 51–69.) Accordingly, even though his complaint refers to the violation of a federal law, federal subject matter jurisdiction will only lie if Defendants can demonstrate that each of the four elements articulated in *Gunn* have been met, 568 U.S. at 258. I begin with a discussion of the first element, which is whether a federal issue is "necessarily raised." *Id.*

Here, Plaintiff does not assert a federal cause of action so the case does not arise under federal law based upon a federal cause of action. *See Gunn,* 568 U.S. at 257. "A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314 (2005)). However, "[w]here a federal issue is present as only one of multiple theories that could support a particular claim . . . this is insufficient to create federal jurisdiction." *Anghel v. Ruskin Moscou Faltischek, P.C.*, 598 F. App'x 805, 807 (2d Cir. 2015) (summary order) (citations omitted). The only specific reference to a federal statute or rule in the text of Plaintiff's Complaint is in one of the eight listed questions of law or fact that are common to the purported class.[4] (*See* Compl. ¶ 45.) The other seven questions listed invoke state laws and rules. (*See id.*) Defendants argue that because this list includes an "and" at the end instead of an "or," the list is conjunctive, rather than disjunctive. (*See* Def's. Mem. 6 ("Plaintiff expressly premises his lone claim on a violation of federal law,

---

[4] The complaint also asserts in a footnote that a "right to sufficient staffing is one of the most important rights protected by New York and federal statutes," and cites to a particular federal statute in a footnote. (Compl. ¶ 27 n.12.)

not as 'alternate theories,' . . . . That Plaintiff also raised additional, not alternative, state allegations, is therefore not dispositive, as he contends.").)[5]  This contention misses the mark.

"One of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005).  Therefore, instead of considering whether Plaintiff's list is stylistically conjunctive—as Defendants assert—the relevant inquiry is whether Plaintiff could obtain the relief he seeks without prevailing on his allegation that Defendants violated the FNHRA or other federal laws.  Section 2801-d establishes liability for any "residential health care facility that deprives any patient" of "any right or benefit created or established for the well-being of the patient by terms of any contract, *by any state statute, code, rule or regulation or* by any applicable federal statute, code, rule or regulation."  N.Y. Pub. Health Law § 2801-d (emphasis added).  Under the plain language of this law, Plaintiff may prevail by establishing only the violation of state laws; he need not establish a violation of the FNHRA or any other federal law, so a federal issue is not "necessarily raised."  *See Cuomo v. First Am. Corp.*, No. 07 Civ 10397 LTS HP, 2008 WL 2676618, at *3 (S.D.N.Y. July 8, 2008) (holding that the "fact that the Complaint includes allegations that Defendants' conduct violate[d] federal laws and regulations" did not necessarily raise a federal issue "because the state law violations and allegedly fraudulent practices described in the Complaint could, if proven, support the relief sought without proof of distinct violations of the cited federal provisions").

I find Plaintiff's state law claim under § 2801-d does not necessarily raise a federal issue. Because Defendants must demonstrate all four of the *Gunn* requirements are met, I need not

---

[5] "Defs.' Mem. refers to Defendants' Opposition to Plaintiff's Motion to Remand, dated February 27, 2019.  (Doc. 12.)

consider the other three in order to find that federal subject matter jurisdiction does not lie under 28 U.S.C. § 1331. *See PCVST Mezzco 4*, 2015 WL 153048, at \*3 (quoting *Gunn*, 568 U.S. at 254) ("Only '[where] all four of these requirements are met' will federal jurisdiction be appropriate over a state-law claim.").

### B. *Request for Attorneys' Fees*

The Second Circuit has approved awards of attorneys' fees related to motions to remand where arguments for federal jurisdiction were based on federal defenses, *see Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (summary order), or on claims raised in a third-party complaint, *see Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). The circumstances of this case are easily distinguishable. Plaintiff's complaint includes several allegations that Defendants violated federal laws, (*see, e.g.*, Compl. ¶¶ 2, 26), including references to specific federal statutes, (*see, e.g.*, ¶ 45(h)). In light of these allegations and references, I cannot find that there was no objectively reasonable basis for Defendants' removal, even though they do not establish federal subject matter jurisdiction. *See supra* § III(A). Accordingly, I will follow the "general rule" and decline to award attorneys' fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion to remand is GRANTED and this case is remanded to the Supreme Court of the State of New York, County of Bronx. Plaintiff's motion for an award of attorneys' fees and costs related to the motion to remand is DENIED.

The Clerk of Court is respectfully directed to terminate the open motion at Document 8 and to close this case.

SO ORDERED.

Dated:  August 16, 2019
        New York, New York

Vernon S. Broderick
United States District Judge